**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

JEREMY PURPURA,

                    Petitioner,    :       Case No. 2:25-cv-01457

   - vs -                               District Judge Algenon L. Marbley
                                       Magistrate Judge Michael R. Merz

SHELBIE SMITH, WARDEN,
 Belmont Correctional Institution,

                                        :
           Respondent.

---

**REPORT AND RECOMMENDATIONS**

---

This habeas corpus case is before the Court for decision on the merits on the Petition (ECF No. 3), the State Court Record (ECF No. 10), the Return of Writ (ECF No. 11), and Petitioner's Reply (ECF No. 14).

**Litigation History**

On March 11, 2024, the Cuyahoga County Grand Jury handed down an indictment charging Purpura with one count of pandering sexually oriented matter involving a minor in violation of Ohio Revised Code §2907.322(A)(1)) (Count 1), three counts of illegal use of a minor in nudity-oriented material or performance in violation of Ohio Revised Code § 2907.323(A)(1) (Counts 2-4), one count of attempted illegal use of a minor in nudity-oriented material or performance in violation of Ohio Revised Code § 2923.02/2907.323(A)(1) (Count 5) and one count of possessing

1

criminal tools in violation of Ohio Revised Code §2923.24(A) (Count 6). (Indictment, State Court Record, ECF No. 10, Ex. 1). Purpura pleaded not guilty to all charges. Upon his waiver, Purpura was tried by the court without a jury, found him guilty on all counts and sentenced to an aggregate term of three to four and one-half years.

Purpura appealed with new counsel to the Ohio Eighth District Court of Appeals, claiming the verdicts were against the manifest weight of the evidence and not supported by sufficient evidence. The conviction was affirmed. *State v. Purpura*, 2025-Ohio-2527 (Ohio App. 8th Dist. Jul. 17, 2025). The Ohio Supreme Court declined to exercise jurisdiction over a further appeal. *State v. Purpura*, 179 Ohio St. 3d 1680 (2025).

Purpura then filed the instant Petition for Writ of Habeas Corpus, pleading the following grounds for relief:

> **Ground One:**
> **Supporting Facts:** The Amendment 4 and the electronic communication privacy act was violated when the Law enforcement officers accessed an online password protected account without a Search warrant. And, a pond completion of the search warrant, no evidence was found to prove the events in the search warrant even existed. The police force failed to uncover any evidence that the file in question was ever uploaded or even existed on the device in question.
>
> **Ground Two:**
> **Supporting Facts:** Assistance of the appellees' lawyers and prosecutor in the case lose its way and introduced false or misleading errors the state caused damages to the appellees' creditability when Pawlowski stated the information from the ICAC task force interview. Pawlowski stated that Mr. Purpura told them that he had an addiction and if he deleted the files, the addiction would get worse. Also said that the files found were old and from a previous case. When doing this she introduced evidence from another Previous case. This would be against double jeopardy, damaged the creditability, and mental status of the appellate. Christopher and Pawlowski stated they reviewed the files from

previous case and did not show any proof of this. When they did this the public defender should have confirmed that all files were included(not just ones directly included in charge) and went through all the files in questions. The public defender also failed to fallow the direction of the accused by not reviewing that information by the defendant. [sic throughout]

**Ground Three:**
**Supporting Facts**: USCS Fed Rules Evid R 703. Bases of an Expert's Opinion Testimony violation; when Pawlowski stated from her training and experience, regarding certain physical and developmental characteristics to show that the images relating to the indicted counts were of minor children. The court errored at trial because this information was not backed by any reliable scientific, technical, or other specialized information and the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

**Ground Four:**
**Supporting Facts:** USCS Fed Rules Evid R 403 violation; Court lost their way and became confused on the facts of this At trial, there was a video of a female disrobing (evidence file lA) but the appeal court stated it was a video of masturbating in a bathtub. The question is if an appeal court's judges are shown to be confused about the case, then how could an average mind be convinced beyond a reasonable doubt. [sic throughout]

**Ground Five:**
**Supporting Facts:** USCS Fed Rules Evid R 403 Ineffective evidence; The use of Al software by experts, introduce bias into the case and becoming sworn witness. When Mr. Christopher used Cellbrite (AI software) to recover files, he introduced bias and then become a unsworn witness by vouching for information given by the program without and scientific process taken into account for the crime. When the program stated "Age difficult" it shows not a match to the files in its database. But instead, a percentage above 51% comparison to hashtags in the file in question. Plus, the bias that was put into the program. There is no way to show that the files in question were placed on user placement, user reaction with a program, or a byproduct of a program in use by the user. [sic throughout]

**Ground Six:**
**Supporting Facts:** Due process clause of the fourteenth amendment to the United State[s] Constitution protect a defendant in a criminal case against a conviction except upon proof beyond a reasonable

doubt of every fact necessary to constitute the crime with which he is charged The state presented insufficient evidence to sustain Mr. Purpura's Conviction in count 1, where there was no evidence Mr. Purpura had reproduced or published the image;

1.  The state did not content that Mr. Purpura created, recorded, photographed, filmed, or developed the material. Or, even prove that the photo in question showed Mr. Purpura was participating or engaging in sexual activity, masturbation, or bestiality. Rather, based on evidence presented, the state appeared to use theory of the case that Mr. Purpura had reproduced and/or published the images by downloading them to his phone. Mr. Christopher determined the image at issue in this count came from Snapchat. The accessed and modified date for this file was the same (even though the file in question was in a format that was unreadable without a special program or the process of converting it into a readable file). Christopher testified that Snapchat allows users to send pictures directly to other users. A user who receives a picture through Snapchat receives a notification on their phone, and then open the picture in Snapchat to view it, Christopher was uncertain whether the picture would still be added to the recipients Snapchat account. A photo shared with user could potentially appear in a Cellebrite extraction. Additionally, Mr. Purpura testified he did not recognize image 1. Based on the testimony at trial, image 1 could have been sent to Mr. Purpura via Snapchat without him even accessing or viewing the image. There was no evidence, direct or circumstantial, to prove that he had in fact accessed or viewed the image at any point of time. There was therefore insufficient evidence to allow a fact finder to conclude that he had affirmatively taken and action listed under R.C. § 2907.322(a)(l). His conviction in count one is therefor against the sufficiency of the evidence. [sic throughout]

The state presented insufficient evidence to sustain Mr. Purpura's conviction in count two and three, there was no evidence of a transfer. Image 12 was a cache file. A Cache file is stored on a device, so that the file can be opened faster in the future. Christopher testified at trial a Cache file could be saved on a device based on, for example, another person sending an image via Snapchat. Christopher was uncertain whether this could occur without the recipient actually opening or viewing the file. For.both image 12 and 23, the accessed dates matched the modified dates. When these dates match for particular files, Christopher testified he could not determine whether these files were actually opened by the device oner, or if they were simply sent via Snapchat without being opened.

4

Based on the testimony, a reasonable factfinder could not find the state had proven beyond a reasonable doubt that Mr. Purpura had transferred these two images. The conviction in count two and three is against the sufficiency of evidence [sic throughout] 3. The state presented insufficient evidence to sustain Mr. Purpura's Conviction in count four, where there was no evidence, he viewed or knowingly possessed the image; The image at issue in this count was also a cache file. There was no access or modified dates for the file. As argued regarding count two and three, it could not determine whether this file had been open by the user. Christopher explained the modified date typically means that the user interacted with the file, in a way that modified it or wrote to the file system. Because, this file lacked this information there is no proof that the file was created and/or accessed. There was therefore insufficient evidence to sustain this conviction. [sic throughout]

4. The state presented insufficient evidence to sustain Mr. Purpura's conviction in count 5, where there was no evidence of attempted transfer; In count 5, there was no evidence that the file in question was ever on Mr. Purpura device to cause the file or any file to be uploaded to Drop box. This was the reason the ICAC was able to obtain a search warrant to be able to search Mr. Purpura's devices. Base on this information, a reasonable fact-finding could not find the state has proven beyond a reasonable doubt that Mr. Purpura had attempt transferred or even knowingly possessed the files on the Dropbox after his conviction in 2021. [sic throughout]

5. The State presented insufficient evidence to sustain Mr. Purpura's conviction in count 6 because there was no evidence he intended to use his device criminally. Count 6 charged Mr. Purpura with possessing criminal tool in violation of R.C. § 2923.24 As discussed above, evidence was not present to show purpose to commit the charges in the other counts of the indictment, as for the laptop and watch, there was no evidence it had ever had or used in any of the counts. There was therefore insufficient evidence to sustain this conviction.

**Ground Seven:**
**Supporting Facts:** Due process clause of the fourteenth amendment to the United State[s] Constitution; did the courts lose its way in convicting the appellant? the state witness conceded it was difficult to determine the age of the individuals in the images at issue. He testified the files were marked as age difficult. He agreed this label meant that he could not say for sure if individuals were under 18. Christopher also explained that modified date typically means that the user interacted with the file, in a way that modified it or wrote to

5

the file system. However, failed to explain other ways in which modified date means. Also in count four, there was no modified or accessed date which in his wording could mean that there was no proof that the file in question was even accessed or modified. [sic throughout]

Given the ambiguousness of this evidence, with the state witness agreeing the facts of age could not be determined with any certainty for images in question, the verdict of guilt was against the manifest weight of the evidence.

(Petition, ECF No. 3).

# Analysis

As the reader can see, Purpura has combined his statement of a claim for relief with the supporting facts he alleges support that Ground. Respondent has labeled Purpura's claims as "unstated,[1]" but the undersigned believes that case can be litigated on the basis of the present pleadings. Pleadings of *pro se* litigants are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Doing so allows the case to be more expeditiously decided.

**Pleaded Claims Which Are Not Cognizable**

Federal habeas corpus is available only to correct federal **constitutional** violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "A petitioner must claim that his custody violates federal law, not state law, not some other source of

---

[1] See, e.g., Return of Writ, ECF No. 11, PageID 463.

law." *Bailey v. Wainwright*, 951 F.3d 343, 346 (6th Cir. 2020) (citing *Wilson*). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

There is a great deal of federal law which is not constitutional in nature. For example, there are the Federal Rules of Civil Procedure which were adopted by the Supreme Court in 1938 under the Rules Enabling Act which was in turn enacted by Congress. Those Rules govern procedure in civil cases in the District Courts. Under the Supremacy Clause of Article VI of the Constitution, those rules are the "supreme law of the land" for the proceedings to which they apply, to wit, civil cases filed in or removed to the federal courts. They govern, for example, service of process issued by a federal district court. But they do not govern service of process issued by a state court, nor were they ever intended to.

Parallel analysis applies to the Federal Rules of Evidence which were enacted to govern presentation of evidence in federal courts. They do not and were never intended to govern presentation of evidence in state courts.

Therefore Petitioner's Grounds for Relief which complain of violations of Fed. R. Evid. 403 or 703 do not state a claim upon which habeas corpus relief can be granted because Fed. R. Evid. 403 and 703 do not apply to state court proceedings. Fed. R. Evid. 101(a) specifically says "[t]hese rules apply to proceedings in United States courts." The United States Constitution does not obligate state courts to follow the Federal Rules of Evidence. Fed. R. Evid. 703 on expert witnesses derives from *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), but

7

*Daubert* was not a constitutional decision.  Although the Ohio Supreme Court followed *Daubert* in adopting Ohio R. Evid. 703, it was not under any constitutional obligation to do so.

In Grounds for Relief Three, Four, and Five, Petitioner complains that the State violated Fed. R. Evid. 403 or 703 in admitting evidence against him.  Because those rules are not obligatory in state court by virtue of the United States Constitution, those Grounds for Relief do not state a claim under the Constitution and should therefore be dismissed without prejudice for failure to state a claim upon which habeas corpus relief can be granted.

In his Seventh Ground for Relief, Petitioner asserts his conviction is against the manifest weight of the evidence presented.  A weight of the evidence claim is not a federal constitutional claim.  *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986).   Ground Seven should therefore be dismissed without prejudice for failure to state a claim upon which habeas corpus relief can be granted.

**Pleaded Claims Which Are Barred by Procedural Default**

In his First Ground for Relief, Petitioner claims his rights under the Fourth Amendment were violated by the seizure and introduction of certain evidence.

Respondent asserts this claim is procedurally defaulted because it was not fairly presented to either the Common Pleas Court by way of a motion to suppress or the Ohio Court of Appeals (Return, ECF No. 11, PageID 456).  Acknowledging that no motion to suppress was filed, Purpura blames this on ineffective assistance of trial counsel and claims the relevant information would have been excluded on a motion to suppress (Reply, ECF No. 14, PageID 482).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a

8

habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
>                     . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

Ohio law provides a mechanism for excluding evidence seized in violation of the Fourth Amendment which is by way of motion to suppress[2]. Ineffective assistance of trial counsel will excuse a failure to file a motion to suppress, but the defendant must first litigate the ineffective assistance claim successfully in the state courts. The absence of a motion to suppress was evident

---

[2] Motions to suppress are heard before trial and out of the presence of the jury. It would likely be futile to hold suppression hearings in the presence of the jury and then, if the motion was granted, to tell a jury to disregard all they had heard. The federal practice is the same as Ohio's.

on the face of the appellate record, but Purpura did not raise that claim on appeal.  Alternatively, a claim of ineffective assistance of trial counsel which depends on material outside (*dehors*) the appellate record can be raised in a petition to set aside the conviction under Ohio Revised Code § 2953.21, but Purpura never filed such an action, much less received a favorable outcome.

Ohio's rule requiring that Fourth Amendment violations be raised by motion to suppress is an adequate and independent state ground of decision.  *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982).

Aside from being procedurally defaulted, Purpura's Fourth Amendment claim is barred from merits consideration by *Stone v. Powell,* 428 U.S. 465 (1976).

Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts.  *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does.  The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of a procedural rule prevents state court consideration of merits.  *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982).  The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

10

*Id*. at 526.  *Stone* applies to bar consideration of Fourth Amendment claims in § 2255 proceedings. *Ray v. United States,* 721 F.3d 758 (6th Cir. 2013).

In sum, merits consideration of Purpura's First Ground for Relief is barred by his failure to fairly present it to the Ohio courts and by the *Stone v. Powell* doctrine.

In his Second Ground for Relief, Purpura asserts ineffective assistance of trial counsel[3] and prosecutorial misconduct.  Respondent asserts this claim also is barred by procedural default because it could have been litigated on the face of the appellate record but was not pleaded as a claim on appeal.  It is plain that neither one of these claims was raised on direct appeal and they are therefore barred by procedural default.  If Purpura claims that they depend on evidence outside the appellate record, he faces the parallel difficulty that he has never filed a petition for post-conviction relief under Ohio Revised Code § 2953.21.

**Insufficient Evidence**

In his Sixth Ground for Relief, Purpura claims he was convicted on insufficient evidence. This states a claim under the Due Process Clause of the Fourteenth Amendment.  *Jackson v. Virginia*, 443 U.S. 307 (1979).  The Ohio Court of Appeals decided this claim on direct appeal.  It first noted the applicability of the *Jackson* standard as adopted for Ohio law in *Jenks*:

> {¶ 5} When determining whether a conviction is supported by sufficient evidence, " '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " *State v. Wilks*, 2018-Ohio-1562, ¶ 156, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. When evaluating the sufficiency of the evidence, a reviewing court considers "whether the evidence, 'if

---

[3] Purpura's use of the word "appellee" is potentially confusing because he has never been an appellee in these proceedings.  Reading the word in context makes it clear he is talking about his own attorneys.

believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.' " *State v. Pountney*, 2018-Ohio-22, ¶ 19, quoting *Jenks* at paragraph two of the syllabus.

- * * *

{¶ 7} As to the offenses involved herein, the relevant statutory provisions state in pertinent part as follows:

**R.C. 2907.322 Pandering sexually oriented matter involving a minor.**
(A) No person, with knowledge of the character of the material or performance involved, shall ... (1) Create, record, photograph, film, develop, reproduce, or publish any material that shows a minor or impaired person participating or engaging in sexual activity, masturbation, or bestiality ....

**R.C. 2907.323 Illegal use of minor in nudity-oriented material or performance.**
(A) No person shall ... (1) Photograph any minor ... in a state of nudity, or create, direct, produce, or transfer any material or performance that shows the minor ... in a state of nudity, ... (3) Possess or view any material or performance that shows a minor ... in a state of nudity ....

**R.C. 2923.24 Possessing criminal tools.**
(A) No person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally.

{¶ 8} The record in this case reflects that in June 2023, the Ohio Internet Crimes Against Children ("ICAC") Task Force received a cyber tip from Dropbox concerning two files involving child exploitation material that were uploaded to a Dropbox and were linked to Purpura.

{¶ 9} In September 2023, a search warrant was executed at the home where Purpura resided, and child exploitation material was found on his cell phone. Purpura, who was on probation from a previous case, told members of the ICAC task force that the files were old and that he forgot to delete them. He also stated that if he deleted files of child exploitation material, his addiction would get worse. Further, he stated that it was an old Dropbox account that he never used and that he did not know where the files came from. However, the forensic analyst who examined Purpura's phone testified that the files were not the same as those from the previous case. The forensic

12

analyst also provided testimony, from her training and experience, regarding certain physical and/or developmental characteristics to show that the images relating to the indicted counts were of minor children. One was a video of a minor in a state of nudity who was described as masturbating in a bathtub. The other images were each of a child in a state of nudity.

{¶ 10} The ICAC investigator, who extracted data from Purpura's phone and prepared an extraction report, noted a Dropbox account and a Snapchat application that were being used. He determined that the Dropbox application was installed on Purpura's phone on June 3, 2023. The ICAC investigator testified that there were 54 media files found on Purpura's phone that he marked as "child exploitive" or as "age difficult," meaning the individual could be under 18 but the image was marked "age difficult" to "play it safe." Some appeared to be duplicate images, and not all images resulted in charges.

{¶ 11} The ICAC investigator determined that the images were on Purpura's phone on the day the search warrant was executed. He testified regarding where files corresponding to the indicted charges were located on Purpura's phone and to their access dates and modification dates. The ICAC investigator stated that an "access date" is "[w]hen the user accesses the file," and a "modified date" typically means "when the user interacted with the file ... in a way that modified it or wrote to the file system." He further indicated that modification dates can mean clicking on the picture, opening it, or viewing it. Though some files had the same access date and modification date, the ICAC investigator indicated this would have been the last time the user interacted with the file. Though image 54 did not have a known access or modified date, the ICAC investigator determined that it was a cache file that appeared to come from the Google Chrome application and that the image was on Purpura's phone when the device was taken from Purpura.

{¶ 12} The ICAC investigator explained that a cache file "is just an easy way to open a file you've already looked at to speed up the process," is "generated by user interaction on a device," and "is saved to load the image faster when looked at in the application it was originally opened in." In terms of Snapchat, the ICAC investigator stated that the cache file "would be generated by [the user] opening it." Although the ICAC investigator was not "100 percent certain" whether it would be enough to just receive a Snapchat that is stored on the Snapchat account without being opened, he testified that a cache file "is only created as a result of user interaction[,]" "[t]hat file isn't generated on its own[,]" and "[i]t

13

has to be prompted to create a cache file." He further confirmed "if somebody sends you something you don't like you can delete it" or "block" the sender.

{¶ 13} Purpura testified in his defense. He denied downloading any child pornography since his prior case, he denied having knowledge of child pornography on his Snapchat account, he claimed he swiped away images he accidentally clicked on without knowing the content and tried to erase files, he claimed that he believed the persons represented in certain photos were 18 to 21 years old, and he offered other testimony in his defense. On cross-examination, Purpura conceded that in his prior case, most of the images he was getting were from Snapchat; and thereafter, he continued to use Snapchat on his new phone despite knowing child pornography images were sent to him on Snapchat.

{¶ 14} Other testimony and evidence were provided, and this court has fully reviewed the record. We limit our review to the arguments presented.

{¶ 15} Contrary to the arguments presented by appellant, sufficient evidence was presented to show as applicable that Purpura had reproduced or published the image to his device (Count 1), to show that the images were transferred (Counts 2 and 3) or attempted to be transferred (Count 5), and to show he viewed or possessed the image (Count 4). There was testimony that Purpura told members of the ICAC task force that the files were old and that he forgot to delete them, yet there was testimony that the files were not the same and multiple files were found on his device. There also was testimony to modified and access dates associated with the files and to the modification dates being indicative of the files being opened, viewed, or clicked on. The trier of fact could reasonably infer from the testimony and evidence that Purpura had knowledge of the material in the images; and for Count 4, the State presented sufficient evidence of recklessness, which is the culpable mental state to R.C. 2907.323(A)(3). For Count 6, sufficient evidence was presented for possessing criminal tools in violation of R.C. 2923.24(A). When viewing all the evidence in the record in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of each crime proven beyond a reasonable doubt. The evidence is sufficient to support appellant's conviction on each count, and we are not persuaded by any of Purpura's arguments otherwise.

{¶ 16} Furthermore, after reviewing the entire record, weighing the evidence and all reasonable inferences, and considering the

14

> credibility of the witnesses, we do not find the trial court clearly lost its way and created such a manifest miscarriage of justice that his convictions must be reversed. Although Purpura challenges the testimony and evidence that were provided as to the age of the individuals in the images, this is not the exceptional case in which the evidence weighs heavily against the conviction.

*State v. Purpura, supra.*

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter,* 562 U.S. 86, 100 (2011); *Brown v. Payton,* 544 U.S. 133, 141 (2005); *Bell v. Cone,* 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor*, 529 U.S. 362, 379 (2000); *Bell v. Howes*, 703 F.3d 848 (6th Cir. 2012). "Under the 'contrary to' clause, a federal habeas court may grant the writ 'if the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Lang v. Bobby*, 889 F.3d 803, 810 (6th Cir. 2018) (quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies the law or bases its decision on an unreasonable determination of the facts, in light of the record before the state court." *Lang v. Bobby*, 889 F.3d 803, 810 (6th Cir. 2018) (citing *Harrington v. Richter*, 562 U.S. 86, 100 (2011); *Williams v. Taylor, 529 U.S. 362, 412-13 (2000)).

> "A state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in the State court proceeding' only if it is shown that the state court's presumptively correct factual findings are rebutted by 'clear and convincing evidence' and do not have support in the record."

15

Under this deferential standard, we do not ask "whether the state court's determination was incorrect, but rather whether fair-minded jurists could disagree about whether the state court's decision conflicts with existing Supreme Court caselaw." *Allen v. Mitchell,* 953 F.3d 858 (6th Cir. 2020), quoting *Dewald v. Wriggelsworth*, 748 F.3d 295, 301 (6th Cir. 2014) (citing *Harrington v. Richter*, 562 U.S. 86, 101 (2011)).

Purpura's argument on Ground Six in his Reply is:

> **Ground 6;** The information for this ground should be contained in the transcript including all parts the sentencing hearing(transcribed and not transcribed including any proceedings outside the presence of the Petitioner). The Petitioner would like to request the evidence of the searches of the snapchat account that show that all users' searches came back with a negative result for the images. This includes all information of the Dropbox account including the log of events that were done on that account. This include all password changes and logins associated with this account and what information of account found on phone. This will confirm that the information on the Dropbox account would differ from the ones on the phone.

Reply, ECF No. 14, PageID 483.

Thus the Reply seems to ask that the Court obtain additional evidence not in the record and evaluate the result based on all the evidence, new and old. This misunderstands the scope of habeas corpus review. A habeas court in deciding whether a conviction is supported by sufficient evidence is limited to the record which was before the state courts. *Cullen v. Pinholster,* 563 U.S. 170 (2011). *Pinholster* bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024), quoting *Mitchell v. Genovese*, 974 F.3d 638, 647 (6th Cir. 2020). Petitioner offers no argument as to why there was insufficient evidence on each element of the charged offenses or why the Eighth District's decision to the contrary is an objectively unreasonable application of *Jackson v. Virginia, supra.* In contrast, the Magistrate Judge finds the Eighth District's decision

16

was an objectively reasonable application of *Jackson* and is therefore entitled to deference. Ground

Six should therefore be denied on the merits.

**Other Portions of Purpura's Reply**

In the course of his Reply, Purpura complains about the content of the Answer:

> While each ground was raised the respondent did not properly summit [sic] the answer by rules stated above [quoted from Habeas Rule 5]. The answer did not indicate what transcripts and other records are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant. For this reason the document summited [sic] should be noted as a waste of time and the previous delay as unneeded and produced untimely delay.

(Reply, ECF No. 14, PageID 480).  To the contrary, the record shows the Respondent filed two

volumes of trial transcript for a total of 291 pages (State Court Record, ECF No. 10).  Respondent

reported regarding transcripts:

> Pursuant to the Rules Governing §2254 Cases Rule 5, Respondent has filed the parts of the transcript that are relevant to Purpura's claims. Respondent has a copy of the third volume of transcripts but has not filed it at this time. The third volume of transcripts are exhibits that include sensitive information from the National Center for Missing and Exploited Children, the Ohio Internet Crimes Against Children Task Force, and a psychology report for Purpura. This volume is available should the Court order it.

(Return, ECF No. 11, PageID 448, n.1).  Purpura has not adverted this portion of the trial transcript

nor argued for its inclusion.  The Magistrate Judge finds the Respondent's reservations about filing

volume 3 to be well taken and see no need to have it filed.

In the Reply, Petitioner also seeks discovery.  See, e,g.,

> The petitioner would like to also request the original information sent to Icac [Internet Crimes Against Children] from Dropbox

17

because Mr. Purpura believes there was information that was improperly summited or strode to allow the courts to grant the search warrant after the discovery of the Dropbox account.

(Reply, ECF No. 14, PageID 482).  Similar requests are made with respect to Grounds Two through Six.  The time for such requests would have been before trial.  A habeas corpus court is not a vehicle for a criminal defendant to pose public records requests.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 4, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such

18

objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #