# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JEREMY PURPURA,

                Petitioner,    :     Case No. 2:25-cv-01457

  - vs -                     District Judge Algenon L. Marbley
                               Magistrate Judge Michael R. Merz

SHELBIE SMITH, WARDEN,
  Belmont Correctional Institution,

                             :
           Respondent.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This habeas corpus case is before the Court on recommittal from District Judge Marbley (ECF No. 24) to reconsider the case in light of Petitioner's Objections (ECF No. 21) to the Magistrate Judge's Report and Recommendations (ECF No. 17).  Respondent has filed a Response to the Objections (ECF No. 23).

Petitioner was convicted after a bench trial in the Cuyahoga County Common Pleas Court on various child-pornography-related offenses and sentenced to three to four and one-half years imprisonment.  He seeks relief from that conviction, pleading the following grounds for relief:

> **Ground One:**
> **Supporting Facts:** The Amendment 4 and the electronic communication privacy act was violated when the Law enforcement officers accessed an online password protected account without a Search warrant. And, a pond completion of the search warrant, no evidence was found to prove the events in the search warrant even

1

existed. The police force failed to uncover any evidence that the file in question was ever uploaded or even existed on the device in question.

**Ground Two:**
**Supporting Facts:** Assistance of the appellees' lawyers and prosecutor in the case lose its way and introduced false or misleading errors the state caused damages to the appellees' creditability when Pawlowski stated the information from the ICAC task force interview. Pawlowski stated that Mr. Purpura told them that he had an addiction and if he deleted the files, the addiction would get worse. Also said that the files found were old and from a previous case. When doing this she introduced evidence from another Previous case. This would be against double jeopardy, damaged the creditability, and mental status of the appellate. Christopher and Pawlowski stated they reviewed the files from previous case and did not show any proof of this. When they did this the public defender should have confirmed that all files were included(not just ones directly included in charge) and went through all the files in questions. The public defender also failed to fallow the direction of the accused by not reviewing that information by the defendant. [sic throughout]

**Ground Three:**
**Supporting Facts**: USCS Fed Rules Evid R 703. Bases of an Expert's Opinion Testimony violation; when Pawlowski stated from her training and experience, regarding certain physical and developmental characteristics to show that the images relating to the indicted counts were of minor children. The court errored at trial because this information was not backed by any reliable scientific, technical, or other specialized information and the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

**Ground Four:**
**Supporting Facts:** USCS Fed Rules Evid R 403 violation; Court lost their way and became confused on the facts of this At trial, there was a video of a female disrobing (evidence file lA) but the appeal court stated it was a video of masturbating in a bathtub. The question is if an appeal court's judges are shown to be confused about the case, then how could an average mind be convinced beyond a reasonable doubt. [sic throughout]

**Ground Five:**
**Supporting Facts:** USCS Fed Rules Evid R 403 Ineffective evidence; The use of Al software by experts, introduce bias into the

2

case and becoming sworn witness. When Mr. Christopher used Cellbrite (AI software) to recover files, he introduced bias and then become a unsworn witness by vouching for information given by the program without and scientific process taken into account for the crime. When the program stated "Age difficult" it shows not a match to the files in its database. But instead, a percentage above 51% comparison to hashtags in the file in question. Plus, the bias that was put into the program. There is no way to show that the files in question were placed on user placement, user reaction with a program, or a byproduct of a program in use by the user. [sic throughout]

**Ground Six:**

**Supporting Facts:** Due process clause of the fourteenth amendment to the United State[s] Constitution protect a defendant in a criminal case against a conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged The state presented insufficient evidence to sustain Mr. Purpura's Conviction in count 1, where there was no evidence Mr. Purpura had reproduced or published the image;

1. The state did not content that Mr. Purpura created, recorded, photographed, filmed, or developed the material. Or, even prove that the photo in question showed Mr. Purpura was participating or engaging in sexual activity, masturbation, or bestiality. Rather, based on evidence presented, the state appeared to use theory of the case that Mr. Purpura had reproduced and/or published the images by downloading them to his phone. Mr. Christopher determined the image at issue in this count came from Snapchat. The accessed and modified date for this file was the same (even though the file in question was in a format that was unreadable without a special program or the process of converting it into a readable file). Christopher testified that Snapchat allows users to send pictures directly to other users. A user who receives a picture through Snapchat receives a notification on their phone, and then open the picture in Snapchat to view it, Christopher was uncertain whether the picture would still be added to the recipients Snapchat account. A photo shared with user could potentially appear in a Cellebrite extraction. Additionally, Mr. Purpura testified he did not recognize image 1. Based on the testimony at trial, image 1 could have been sent to Mr. Purpura via Snapchat without him even accessing or viewing the image. There was no evidence, direct or circumstantial, to prove that he had in fact accessed or viewed the image at any point of time. There was therefore insufficient evidence to allow a fact finder to conclude that he had

affirmatively taken and action listed under R.C. § 2907.322(a)(l). His conviction in count one is therefor against the sufficiency of the evidence. [sic throughout]

The state presented insufficient evidence to sustain Mr. Purpura's conviction in count two and three, there was no evidence of a transfer. Image 12 was a cache file. A Cache file is stored on a device, so that the file can be opened faster in the future. Christopher testified at trial a Cache file could be saved on a device based on, for example, another person sending an image via Snapchat. Christopher was uncertain whether this could occur without the recipient actually opening or viewing the file. For.both image 12 and 23, the accessed dates matched the modified dates. When these dates match for particular files, Christopher testified he could not determine whether these files were actually opened by the device oner, or if they were simply sent via Snapchat without being opened. Based on the testimony, a reasonable factfinder could not find the state had proven beyond a reasonable doubt that Mr. Purpura had transferred these two images. The conviction in count two and three is against the sufficiency of evidence [sic throughout] 3. The state presented insufficient evidence to sustain Mr. Purpura's Conviction in count four, where there was no evidence, he viewed or knowingly possessed the image; The image at issue in this count was also a cache file. There was no access or modified dates for the file. As argued regarding count two and three, it could not determine whether this file had been open by the user. Christopher explained the modified date typically means that the user interacted with the file, in a way that modified it or wrote to the file system. Because, this file lacked this information there is no proof that the file was created and/or accessed. There was therefore insufficient evidence to sustain this conviction. [sic throughout]

4. The state presented insufficient evidence to sustain Mr. Purpura's conviction in count 5, where there was no evidence of attempted transfer; In count 5, there was no evidence that the file in question was ever on Mr. Purpura device to cause the file or any file to be uploaded to Drop box. This was the reason the ICAC was able to obtain a search warrant to be able to search Mr. Purpura's devices. Base on this information, a reasonable fact-finding could not find the state has proven beyond a reasonable doubt that Mr. Purpura had attempt transferred or even knowingly possessed the files on the Dropbox after his conviction in 2021. [sic throughout]

5. The State presented insufficient evidence to sustain Mr. Purpura's conviction in count 6 because there was no evidence he intended to use his device criminally. Count 6 charged Mr. Purpura with

possessing criminal tool in violation of R.C. § 2923.24 As discussed above, evidence was not present to show purpose to commit the charges in the other counts of the indictment, as for the laptop and watch, there was no evidence it had ever had or used in any of the counts. There was therefore insufficient evidence to sustain this conviction.

**Ground Seven:**
**Supporting Facts:** Due process clause of the fourteenth amendment to the United State[s] Constitution; did the courts lose its way in convicting the appellant? the state witness conceded it was difficult to determine the age of the individuals in the images at issue. He testified the files were marked as age difficult. He agreed this label meant that he could not say for sure if individuals were under 18. Christopher also explained that modified date typically means that the user interacted with the file, in a way that modified it or wrote to the file system. However, failed to explain other ways in which modified date means. Also in count four, there was no modified or accessed date which in his wording could mean that there was no proof that the file in question was even accessed or modified. [sic throughout]

Given the ambiguousness of this evidence, with the state witness agreeing the facts of age could not be determined with any certainty for images in question, the verdict of guilt was against the manifest weight of the evidence.

(Petition, ECF No. 3).

The Report and Recommendations previously filed in this case (the "Report," ECF No. 17) made several recommendations:

**Claims Not Cognizable in Habeas Corpus**

The Report recommends dismissing several pleaded grounds for relief because our habeas corpus jurisdiction is limited to violations of federal constitutional law (Report, ECF No. 17, PageID 502-04). This the Magistrate Judge believed barred consideration of Grounds Three, Four, Five, and Seven.

5

Petitioner responds by citing the Supremacy Clause, Article VI, cl. 2 which reads:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

In the context of State criminal law, the laws (statutes like the Ohio Revised Code) under which persons are tried and convicted, as occurred in this case, are adopted by the legislature or in the case of rules governing court procedure, by the state Supreme Court.  They are of course not completely independent of the Constitution.  For example, the privilege against self-incrimination, adopted as part of the Bill of Rights in the Fifth Amendment, applies in all state criminal cases. However, the Federal Rules of Evidence as they were enacted by Congress and have been amended by the United States Supreme Court, were never intended to apply in state criminal trials. Therefore Petitioner's Grounds Three, Four, and Five do not state constitutional violations because Fed. R. Evid. 703 is not binding on Ohio, either by way of the Constitution or otherwise.  Ohio R. Evid. 703 is binding on the Ohio courts, but not as a result of the United States Constitution.

Petitioner argues that his Third Ground for Relief is based on the Fifth and Fourteenth Amendments,  but then argues it in terms of Ohio or Federal Rule Evid. 703 (Objections, ECF No. 21, PageID 574-77).  This Court cannot in a habeas case decide whether the state court violated its own expert witness rules, because that is a question of Ohio law.  It cannot in such a case decide whether the state court violated Fed. R. Evid.  703 because that Rule does not apply in Ohio courts. As to the claim the state courts violated due process with respect to the expert witness, States are not obliged as a matter of due process to follow all of their own rules.  *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993).

In objecting to dismissal of Ground Four as not stating a federal constitutional claim, Petitioner argues at length this Ground is, like Ground Three, supported by the Due Process Clause of the Fifth and Fourteenth Amendments (Objections, ECF No. 21 PageID 577-83).  Ground Four which complains of violation of Ohio Evidence Rule 403, does not state a claim for relief in habeas corpus for the same reasons as Ground Three, to wit, Ohio Rule of Evidence 403 is not binding on state courts by reason of due process of law. The same analysis applies to Ground Five.

In Ground Seven Petitioner claims his conviction is against the manifest weight of the evidence.  The Report found that this claim was not cognizable in habeas corpus, writing  "A weight of the evidence claim is not a federal constitutional claim. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986)" (Report, ECF No. 17, PageID 504). Petitioner objects, citing *State v. Thompkins*, 78 Ohio St. 3d 380 (1997), for the proposition that "a reviewing court 'may never [the] less conclude that the judgment is against the weight of evidence." That proposition is only true within the state court system.  The controlling precedent cited by the Magistrate Judge clearly holds that a federal habeas court cannot sit like the hypothetical thirteenth juror in *Thompkins* and weigh the evidence.  Constitutional evaluation of the evidence is limited to determining whether there is sufficient evidence to convict. *Jackson v. Virginia*, 443 U.S. 307 (1979).

Petitioner's Objections to dismissal of Grounds Three, Four, Five, and Seven on the ground that they do not state claims cognizable in habeas corpus should be overruled.

**First Ground for Relief:  Conviction of Evidence Obtained in Violation of the Fourth Amendment**

In his First Ground for Relief, Petitioner claims he was convicted on evidence obtained in violation of the Fourth Amendment.  Respondent defended on the basis that Petitioner has

procedurally defaulted this claim by not presenting it to the state courts by motion to suppress, as Ohio law requires. Petitioner asserted this default was excused by the ineffective assistance of his trial counsel. The Report concluded merits consideration of this claim was barred by Petitioner's procedural default and not excused by ineffective assistance of trial counsel because Petitioner had never litigated that ineffective assistance claim by way of post-conviction petition under Ohio Revised Code § 2953.21. Merits review was also found barred by *Stone v. Powell*, 428 U.S. 465 (1976).

Petitioner's Objections as to Ground One argue the merits of his Fourth Amendment claim and do not respond to the Magistrate Judge's procedural default or *Stone v. Powell* points. Accordingly, Petitioner's objections should be overruled.

**Second Ground for Relief: Ineffective Assistance Of Trial Counsel and Prosecutorial Misconduct**

In his Second Ground for Relief, Purpura asserts ineffective assistance of trial counsel and prosecutorial misconduct. The Report recommended upholding Respondent's procedural default defense, finding these two claims could have been raised on direct appeal but were not.

Petitioner objects with an attempt to add an ineffective assistance of appellate counsel claim (Objections, ECF No. 21, PageID 572). In his Objections Petitioner argues the merits of these claims (ECF No. 21, PageID 572-74). Petitioner makes no objection to the Magistrate Judge's conclusions of procedural default. It is also the case that a new claim – ineffective assistance of appellate counsel – cannot be added at the objections stage. Petitioner's objections as to Ground Two should be overruled.

8

**Ground Six:  Insufficient Evidence to Convict**

In his Sixth Ground for Relief, Petitioner asserts that there was insufficient evidence presented from which a reasonable fact finder could find beyond a reasonable doubt that he had committed the charged offenses.  The Report considered this claim on the merits and determined that the state court conclusion on this claim was entitled to deference under 28 U.S.C. § 2254(d)(1).

Petitioner argues the merits of the case against him, often line-by-line.  But he presents no persuasive argument that the Eighth District Court of Appeals' decision that there was sufficient evidence is not entitled to deference.

**Conclusion**

Having reconsidered the case in light of the Objections and Respondent's Response, the Magistrate Judge adheres to his prior recommendation that the Petition should be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 10, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

9

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.